1:20-cv-04088 – Yaya Jallow v. The Local MGMT, LLC, City of New York – Judge Margo K. Brodie

## United States District Courts
## Eastern District of New York

**Yaya Jallow**,
  Plaintiff,
  v.
**The Local MGMT, LLC,**
**The City of New York,**
  Defendant.



**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 10 2021 ★

BROOKLYN OFFICE

Case No. 1:20-cv-04088
  Amended  Complaint

*Judge Margo K. Brodie*

### *Complaint for Declaratory Relief & Compensatory Damages*

#### *I. Introduction*

1. The Plaintiff, in proper person, is filing this complaint and respectfully requesting a declaratory judgment and compensatory damages against the aforementioned Defendants for causing harm & damages to The Plaintiff in clear violation of New York State Tort statutes; the United States' & New York State's Constitutions; & several federal, state, & local statutes when The Defendant's personnel profiled The Plaintiff and attempted to steal from him and when they got caught and called out by The Plaintiff would then go onward to refuse The Plaintiff service and then go on to call the other Defendant's Officers who would also deliberately, willingly, and willfully profile The Plaintiff as a criminal and suspect despite being a paying customer at the time in question, and as well as before, and I guess for the heck or fun of it would forcible remove The Plaintiff in a failed attempt to leave him dead outside in the street on the day before Martin Luther King day and on a night that would see an increase in crime in the neighborhood in question as well as it being The Plaintiff's first time ever staying in the borough of Queens.

#### *II. Claim*

2. *The Plaintiff was profiled & discriminated on the basis of his race & color in a flagrant show of racially-motivated hate when The Defendant's, The Local, personnel deliberately, knowingly, willfully, & hazardously fraudulently called The Defendant's Officers after attempting to steal from, hindering, & discriminating against The Plaintiff, which would only be escalated when The Defendant's, City of New York, Officers would choose to forcibly, by refusing to listen and/or leave The Plaintiff alone as it pertained to that instant, remove The Plaintiff off the property he had a paying room for and outside into the freezing cold to die in the street.*

#### *III. Jurisdiction & Venue*

3. The Plaintiff brings this case pursuant to 42 U.S.C §1981, §1983; New York Consolidated Laws, General Municipal Law Article 4 §50-J & §50-K, & New York Consolidated Laws, General Business Law 396-r; City of New York Police Department Patrol Guide; Civil Rights Acts; for violation of The Plaintiff's Civil Liberties and the infliction of damages upon the The Plaintiff due to The Defendants' personnel's actions.

4. This case presents federal questions within this Court's jurisdiction under Article III of the United States Constitution & 28 U.S.C. §1331, §1343, §1332.

1:20-cv-04088 – Yaya Jallow v. The Local MGMT, LLC, City of New York – Judge Margo K. Brodie

- *"Did The Defendants' personnel profile & discriminate The Plaintiff on the basis of his protected characteristics such as race, color, & possibly sex as outlawed by The Civil Rights Act?"*
- "Did The Defendant's personnel apparently conspire together to covertly leave The Plaintiff outside in the street to die, especially on the day before Martin Luther King day?"
- "Did The Defendant willfully place The Plaintiff in countless hazardous situations through their personnel's willful acts and/or omissions of attempting to endanger & destitute The Plaintiff?"

5. Declaratory relief is authorized by 28 U.S.C. §2201 and §2202.
6. Compensatory damages is authorized by 42 U.S.C §1981.
7. Venue is proper in This Court under 28 U.S.C §1391 because one or both parties reside in this district and a substantial part of the events given rise to this claim occurred in this district.
   - Due to The Plaintiff's desire to preserve his due process right, and negate all mistakes and/or unjustifiable improprieties, The Plaintiff feels The United States District Courts would be the bare minimum venue to hear his complaints.
8. The Plaintiff does not seek a jury trial and designates Brooklyn as the place for trial.

### *IV. Cause of Action*

9. Violation of 5th & 14rh Amendment Rights (Bill of Rights)
   - In United States Constitution Law, a Due Process Clause is found both in the Fifth and Fourteenth Amendments which prohibits arbitrary deprivation of life, liberty, or property by government as authorized by law. The United States Supreme Court would interpret these clauses broadly, concluding that they provide three protections (in both civil and criminal proceedings):
     - *substantive due process*, *a prohibition against vague laws*, & *as the vehicle for the incorporation of the Bill of Rights*.
     - The Plaintiff would also like to add "*procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property*"
   - The 4th Amendments provides The Plaintiff with a right to be secure in his person & in his belongings, as he would interpret, something the Defendant's personnel would violate by attempting to remove The Plaintiff off a property he had a paying room for in a willful & known attempt to fleece him out of his money & belongings
   - The 9th Amendments provides space for the guaranteeing of rights not explicitly outlined or future-proofed in the United States Constitution, which is where The Plaintiff would argue all the opinionated litigants source their die hard beliefs. The Plaintiff would argue that the right to not be a forced victim of pseudo-Jim Crow prosecution & treatment at the hands of the State of New York, with the City of New York acting as their apparent surrogate. The Plaintiff would also state that from The Plaintiff's 2018 tax theft to the City of New York's desire to send The Plaintiff to prison for no valid, legit, or legal reason as they did the Central Park 5 and countless others, something that apparently is to the City & State a pass-time as baseball is to America.
   - The Plaintiff would state the 10th Amendment outlaws all the criminal elements the City of New York and it's personnel have been engaging in since apparent 2018.

10. Violation of Civil Rights Act
    - The United States Civil Rights Act prohibits any form of discrimination, especially in public

1:20-cv-04088 – Yaya Jallow v. The Local MGMT, LLC, City of New York – Judge Margo K. Brodie

accommodation, on the basis of race, color, sex, religion, or national origin.

- From the very The Plaintiff met The Defendant's,The Local, personnel he would receive an unwelcoming and unsettling vibe that through the progression of his stay would ultimately reveal the racially-charged motives behind their actions from the deliberate act of asking for The Plaintiff's debit card despite him paying in cash, to having the City of New York Police Department called on him to being charged extra & different prices along with several attempts at milking, while simultaneously treating The Plaintiff as if he had no money.

- The Plaintiff was automatically assumed the wrong, guilty, & aggressive party despite it not being true or seeming it was solely based on The Plaintiff's race & color. Despite being a paying customer during his whole interaction with The Defendant City of New York Police Department's Officers The Plaintiff would be treated as if he was trespassing or not allowed to be there or as a liar.

- The Plaintiff had the City of New York Police Department called on him on the day before Martin Luther King Day.

11. Violation of New York State Tort Statutes

- In accordance with ***New York Consolidated Laws, County & General Municipal, Article 2 Section 52 -54 & Article 4 Section §50-J & §50-K*** respectfully as well as ***New York Consolidated Laws Public Officers Laws***, in particular ***Section 10***, and ***New York State Law Section 72 & 74*** The Defendants' personnel placed The Plaintiff in a hazardous & fictitious situation that created irreversible damages and pain & suffering to The Plaintiff in clear violation of tort cannon. Despite not owing no one in particular any protection The Defendant's Officers would feel the need to protect random fraudulent SWAT callers from The Plaintiff by subjugating him to deliberate stigmatization that has for centuries allowed countless deranged, malicious, & weak willed individuals to get away with flagrant and blatant murder and despite being directly responsible for this dangerous stigmatization The Defendant's personnel would do everything in their power to never attempt to correct their wrong, going out of their way to stay wrong, and instead would go onward to attempt to further hinder, obstruct, and harm The Plaintiff through further deliberate wrong choices, as The Plaintiff would infer from his own perspective and during the course of events.

12. Violation of New York Price Gouging Statutes

- In accordance with ***New York Consolidated Laws, General Business Laws*** *§396-r* states

  - "During any abnormal disruption of the market for consumer goods and services vital and necessary for the health, safety and welfare of consumers, no party within the chain of distribution of such consumer goods or services or both shall sell or offer to sell any such goods or services or both for an amount which represents an unconscionably excessive price "

- Due to the oncoming of COVID-19 along with the need to seek adequate housing The Plaintiff would end up at The Local only to be price gouged time and time again despite there being no valid nor legitimate reason for or to it, with the only one being to kill The Plaintiff by attempting to refuse him his room, for no valid nor legal reason, and forcing him outside to die.

13. Amount In Controversy

  - The amount in compensatory damages requested meets with the required threshold for This Court and the actual amount in damages surpasses the maximum of most any courts this litigation would also fall under the jurisdiction of.

1:20-cv-04088 – Yaya Jallow v. The Local MGMT, LLC, City of New York – Judge Margo K. Brodie

- ◦ Due to The Defendant being a governmental agency and The Plaintiff seeking a fair and just judgment due to The Defendant being part of a governmental body that has on numerous occasions wronged and disenfranchised The Plaintiff and as such The Plaintiff deems This Court as the proper, and only, venue for the damages and relief The Plaintiff seeks.
- ◦ As well as in line with Tort cannon The Plaintiff believes all damages seeked are just, fair, and valid due to The Defendant's personnel acts and/or omission being both, despite it being mind-boggling, directly and indirectly responsible and liable for the harm and damages as it pertains to The Plaintiff as outlined in this complaint.

### *V. Parties*

14. The Plaintiff, *Yaya Jallow*, (hereinafter "The Plaintiff", "Plaintiff") is an individual who is currently a resident of the State of New York & the City of New York.
15. The Defendants
- • The Defendant, *The Local MGMT LLC*, (hereinafter "The Local", "Local", "Local NYC", "the Hostel", "the Defendant", "the Defendants", "Defendant", "The Staff", "Staff") is the corporate operator of the hostel located at *13-02 44th Avenue, Long Island City, New York 11101* where all events relating to this complaint occurred.
- • The Defendant, *City of New York*, (hereinafter "NYPD", "The New York City Police Department", "Police Department", "Police", "The Police", "Officers," "Officer", "The Officers") is the legal representative entity of the following agencies:
  - ◦ City of New York Police Department: a government agency organized and existing by virtue of the laws of the City of New York. It is currently in charge of policing and enforcing through C.P.R while maintaining law and order in the City of New York.

### *VI. Allegation of Facts*

16. Facts
- ◦ After experiencing discrimination and theft at the hands of his AirB&B host and being "kicked out" under false pretenses The Plaintiff would find himself stranded on January 11th 2020 and after a quick web search he was able to find a hostel, The Local, and despite receiving "questionable" service The Plaintiff's stay at first wasn't as discriminatory or hate-filled.
- ◦ When The Plaintiff arrived at the front desk, he asked for the cheapest room to which the receptionist, whom at first gave The Plaintiff an unsettling vibe and after pondering and pretending to not have any finally gave in and found an apparent "empty" room.
  - ▪ The listing for the online ad that lead The Plaintiff to The Local was listed as 41$ a night, for supposedly 2 people, bringing the actual advertised price to ~20.50$ a person.
  - ▪ When The Plaintiff asked the receptionist the price for the cheapest room for two nights, he was provided with a price that come out to 58.62$, coming out to 29.314 for one night for one person, a reasonable discount but not the advertised price (see *Exhibits 2-3*)
- ◦ After confirming the price for the room, The Plaintiff was asked if he had a credit card & state id for photocopying, despite stating in the beginning that he was paying in cash,

1:20-cv-04088 – Yaya Jallow v. The Local MGMT, LLC, City of New York – Judge Margo K. Brodie

this would come into play later when The Defendant's, The Local, personnel would attempt to fraudulently charge his card (simple, dry, & cut wire fraud) in an attempt to either cause his bank account to get closed or milk The Plaintiff's card. The Plaintiff was still informed that they were "required" to have his card on file, to which The Plaintiff presented his debit card.

- During The Plaintiff's first stay he would be forced to endure with the unprofessional and discriminatory conducts of The Staff, with the only conceivable excuse being that a majority of The Staff were apparently suffering from tourettes.

- After checking out and coming back the for a second stay from January 13th – 15th 2020 to which The Staff attempted to charge The Plaintiff a total of 145.27$ (see ***Exhibit 4-5***) which brought the total for one night to 72.63$, a difference of 14.01$ for no legitimate reason, to which The Plaintiff objected to due to having already just paid for the same room. At that point The Staff said it was a miscalculation on their part and gave the correct price to 67.78$, something The Plaintiff felt was wrong but felt no need at that point to really argue about 9$, again.

- The remainder of The Plaintiff's stay was somewhat pleasant despite having to once again deal with the an unwelcoming, and frankly idiotic, vibe from The Staff.

- After checking out on January 16th 2020 and retrieving his paycheck from his previous job, which he had left due to a hostile working environment, The Plaintiff returned to book a room. Once again The Staff would attempt to over-charge The Plaintiff this time claiming that they didn't have any available beds in a shared room and instead had another one for bunked rooms, something The Plaintiff felt was an excuse which was further confirmed when the receptionist claimed that the price for the bunk room would be 72.38$ (see ***Exhibit 5-7***), which just happen to be a difference of .30 cents more than the first price he was provided with several days earlier. When The Plaintiff asked the receptionist when the room he first asked for would be available he was told on Sunday January 19th 2020, something that in hind-sight shows the malicious and ill-intent behind The Staff & Defendant's actions.

- On the morning of January 18th 2020, around 8am before the 11am check-out, The Plaintiff once again went downstairs to the front desk, to renew for an additional 2 nights in the bunked room (see ***Exhibits 6 & 9***) which came out to 68.78$, despite the receptionist claiming that the two rooms cost different prices, the price charged on the 18th was around the same as the price charged for the previous two days

  - During this exchange The Plaintiff made sure to inform the receptionist that he had an interview / trail the next day and asked if he could switch rooms after the interview due to it being in the morning and the fact that he would have to leave early before check-out, and leaving his property, and due to possibly coming back after check-in at 3pm to which the receptionist stated it wasn't a problem and that he could do that.

- After being at The Local for a week and being nothing short of a model guest The Plaintiff woke up early the morning of January 19th 2020 and got ready to head to his interview / trail, for a line cook job, that was scheduled around 11am-12pm. While at his interview / trail The Plaintiff would come come to find out, through his bank app notification, that he had been charged by The Local, something that was unwarranted and uncalled for (see

1:20-cv-04088 – Yaya Jallow v. The Local MGMT, LLC, City of New York – Judge Margo K. Brodie

*Exhibit 12*). After finishing his interview / trail The Plaintiff would return to The Local only to experience the catalyst of The Staff's discriminatory service.

- ◦ Due to the timing of the interview / trail and as mentioned to the receptionist the day earlier The Plaintiff would leave early to make the slated 11am-12pm time-slot. Right as he was about to walk into the interview / trail The Plaintiff would receive a call from The Local, as stated by the person on the other end of the line (see *Exhibit 8*) stating that the cleaners had removed his property and he would need to come get it. Something The Plaintiff felt was strange due to him never seeing any cleaners checking any lockers whenever he was present while they were cleaning the rooms during his weeks stay. The Plaintiff would then explain to The Staff on the other end that he was about to step into the restaurant for his interview / trail but was coming back and would speak to them then, to which The Staff on the other end stated that they would hold onto his property.

- ◦ Having already felt like something like that was going to occur, being the driving motive for re-booking the day prior and attempting to do everything in his power to avoid the exact situations that The Staff were attempting to engineer from happening due to the demeanor and mannerism The Staff were exhibiting towards The Plaintiff whenever they would interact with him.

- ◦ After his interview / trail The Plaintiff would formally check his phone to discover The Staff had over-charged his card, supposedly The Local. The Plaintiff's account would be over-charged by 5$ (see *Exhibits 12 & 14*) which would cause The Plaintiff's account to be over-drawn by 4.77$, which The Plaintiff found odd due to not seeing any conceivable reason for the charge. The only possible charge The Plaintiff could think of was the 5$ over-night baggage holding fee which was not applicable and the only achieving affecting of their actions was causing The Plaintiff's bank account to get over-drafted, the decommissioning of his debit card, and possibly his bank account, which would cause The Plaintiff extra hardships and turmoil due to the loss of use of his bank account, until the arrival of his new card, and the danger of carrying cash, which The Plaintiff felt when was forced onto the train and robbed of his wallet on *February 2nd 2020* as a direct consequence of the events outlined so far and to come.

  - ▪ During every check-in The Staff would inform guests that there is a 1$ fee during the day if the guest would like them to hold onto their bags and if they wanted it held over-night it would be 5$.

- ◦ After completing his interview at 3pm The Plaintiff would arrive at the hostel around 5pm and was only gone 4 hours and as such saw no real reason for the charge but would come to discover the true nature of The Staff's intentions.

- • Once he arrived at the hostel The Plaintiff would inform the front desk receptionist that, and despite the fact that he had paid in cash, they had, completely fraudulently & for no legitimate nor valid reason, over-charged his debit card and by extension his bank account, blatant and clear-cut wire fraud as outlined in *18 U.S.C §1343*. To this the receptionist would, vehemently and determinedly, respond that they didn't but through the run around conversation and the eventually course of the night The Plaintiff would come to find out The Staff's true intentions.

1:20-cv-04088 – Yaya Jallow v. The Local MGMT, LLC, City of New York – Judge Margo K. Brodie

- ◦ At first the receptionist would claim that they had charged him 5$ for checking-out and not returning the key to which The Plaintiff would inform the receptionist the day before of what he was going to do and he was given the all clear. After this the receptionist would go on to claim it was because they had to hold onto his belongings, despite at very first stating they hadn't charged his card at all, to which The Plaintiff would once again inform the receptionist that he had already asked and informed the receptionist the day before of leaving his belongings to which she didn't object to and said was fine. The Plaintiff even went further to the point of informing the receptionist that he was coming back and would be switching the room when he had returned, at that time, that moment.

- ◦ After having that pointless and harassment laced conversation with the receptionist and running in pointless circles for minutes The Plaintiff decided to meet the receptionist half-way and return the key, he had for the room his belongings were in as a show of good faith and get the key to his new room so he could go get his belongings and go to sleep. At this point the receptionist felt the need to now completely refuse to even give The Plaintiff the key for the new room he had already paid for the day before and instead told The Plaintiff their business was done and he would have to go.

  - ▪ At this point due to being victim of wire fraud and blatant theft The Plaintiff informed the receptionist that he wasn't going anywhere, he was a paying customer and that the receptionist should stop playing and give him the key to the new room he paid for along with his belongings. At that point the receptionist would attempt to state that The Plaintiff's belongings were his now and that he wasn't getting them back.

  - ▪ After realizing the pointlessness of the conversation with the receptionist The Plaintiff would go on to inform him that he was not going anywhere, he was a paying customer, and The Plaintiff was not dealing with any form of discrimination or harassment form anybody and would walk away from the receptionist desk around the corner to the computer desk and file a complaint outlining what was occurring with the Department of Consumer Affairs (see *Exhibits 13-15*).

  - ▪ Over the course of the next several minutes the receptionist would call the City of New York Police Department on The Plaintiff at least 3 times (see *Exhibits 10-11*) all to which The Plaintiff would attempt to inform dispatch, without getting too close to the receptionist, that he wasn't doing anything and due to the City of New York Police Department's persistent need to act like they knew/knew of him even going so far as to provide dispatch with his name and once again informing them that he wasn't doing anything nor creating any scene and that the caller was the one actually attempting to steal from him.

  - ▪ Once the City of New York Police Department Officers, *Officer John Doe* & *Officer Jane Doe*, arrived they would come to find that The Plaintiff siting on the computer doing nothing but calmly working on his litigations, against the operators of his previous shelter and by extension the City of New York Police Department, and would attempt to inform The Plaintiff that they were there to escort him off the property, to which The Plaintiff would attempt to inform The Officers that the receptionist was the one attempting to steal from him and that he wasn't doing

1:20-cv-04088 – Yaya Jallow v. The Local MGMT, LLC, City of New York – Judge Margo K. Brodie

anything and he was actually a paying customer all to which The Officers would infer that they didn't care and since the receptionist was asking him to leave they were going to side him, despite the fact that at the moment that was said The Plaintiff was a paying customer, and not care about the fact nor evidence as it pertained to The Plaintiff's assertion that he was a paying customer and had a right to be there and should be given the key to his room or of the fact that The Staff were actually harassing and stealing from him.

- ◦ Despite doing everything in his power to attempt to properly resolve the dispute and attempting to inform The Officers of what was actually occurring they felt no need to care and in a complete disregard for The Plaintiff and his life in what is a show of the most egregious of conduct by all involved parties as well as reckless endangerment of the highest caliber when The Plaintiff was forced off the computer, which The Plaintiff would argue merits obstruction of justice due to The Plaintiff working on the precursor to this and similar litigations, pass the front desk all while watching the receptionist refund The Plaintiff the money he paid for the room and grab his belongings and off the property outside onto the streets on a night when the temperature was near freezing cold as well as in a neighborhood that saw a spike in violent crime that night as well as on the homeless population of New York City, coincidentally right after The Defendant's personnel forced The Plaintiff to be stranded outside homeless in the January cold with nowhere else to go than back to a dangerous shelter that was attempting to starve, destitute, & disenfranchise him.

17. Allegations
- • The Plaintiff was profiled by The Defendant's personnel & treated accordingly which can be shown time & time again through the personnel's actions & intentions. The Defendant's personnel would attempt to act as if they knew nothing of the blatant SWAT nature of the call, something they do time and time again (see *Exhibit 1*), they had answered to, even going so far as to ignore all the things The Plaintiff was attempting to state, all true, & proceeding to remove The Plaintiff off the property despite being provided with ample time & explanation to warrant the exact opposite of what The Defendant's personnel would do, a flagrant show of their premeditation, intent, desire, & all around ill-will, & incompetence towards The Plaintiff.
- • This would be The Plaintiff's first ever time, ever, in the borough of Queens but The Plaintiff would be treated by the City of New York Police Department's Officers, whom he had never met before then, as if they knew of or about him, something that frankly makes no sense and time and time again just shows a department-wide conspiracy, regardless of the malicious nature of it.
- • The Defendant's, The Local, personnel would go out of their way to attempt to destitute and kill The Plaintiff.

### VII. Damages

18. The Plaintiff is seeking the following compensatory damages:
- • Awarding The Plaintiff a total monetary relief of *$876,108:*
    - ▪ Legal Cost: *111,108*
        - • Case Research / Prep: *110,208*
        - • Case Print-Outs: *250*

1:20-cv-04088 – Yaya Jallow v. The Local MGMT, LLC, City of New York – Judge Margo K. Brodie

- Litigation Cost/Fees: *650*
  - Compensation: *765,000*
    - Reckless Endangerment: *500,000*
    - Emotional Distress: *250,000*
    - Pain & Suffering: *15,000*
  - for the following reasons:
    - While the notice statute of limitation was still active for this complaint The Plaintiff would spend that time doing everything in his power to inform the proper and adequate channels of all the fictitious & slanderous nature of the events outlined in this and subsequential complaints. Due to the complex nature of this complaint The Plaintiff spent a good amount of time thinking, processing, pseudo-litigating, researching, & enduring through all the byproducts of The Defendant's personnel's acts and/or omissions instead of attending to his life and all the hobbies, activities, & endeavors that's associated with it. The Plaintiff has requested the aforementioned monetary damages due to The Defendant's personnel's actions being directly responsible for said needed compensatory damages.
      - Due to the time spent thinking and analyzing of the events outlined in this and following complaints instead of time that could have been spent on The Plaintiff's securities & equities endeavors and any one of the similar hobbies The Plaintiff's spends his free personnel time on and as well as along the lines of the attorney fees listed on The Court's website, The Plaintiff believes the *110,208$* is a fair adequate price tag for the time spent researching this case, as well as in line with the similar rates a likewise law firm would charge any person that would seeks their help litigating a complaint of this nature, as The Plaintiff would assume in spite of his lack of knowledge as it pertains to attorney fees.
      - In line with Court fees, *400$*, and as a possible payment for the United States Marshall for servicing as well as possible asset retrieval The Plaintiff would add the additional *250$*
- A judgment pursuant to 28 U.S.C. §2201 & §1343 noting that The Defendants' & their personnel willfully profiled and discriminated The Plaintiff on the basis of his race & color in their deliberate schemes to destitute & disenfranchise him as part of their own self-own reason to attempt to kill & hinder The Plaintiff.
- Possible Statements of Apologies from The Defendant's personnel.
- Such other reliefs as This Court may deem just and proper.

### *VIII. Exhibits*

*Exhibit 01*: August 9th 2019 9-11 Sprint Call
*Exhibit 02*: January 11th – 13th 2020 Night Stay (Confirmation)
*Exhibit 03*: January 11th – 13th 2020 Night Stay (Receipt)
*Exhibit 04*: January 13th – 15th 2020 Night Stay (Confirmation)
*Exhibit 05*: January 16th – 18th 2020 Night Stay (Receipt)
*Exhibit 06*: January 18th 2020 Check-In (Receipt)
*Exhibit 07*: January 18th 2020 Overcharge (Receipt)
*Exhibit 08*: January 19th 2020 Interview Call

1:20-cv-04088 – Yaya Jallow v. The Local MGMT, LLC, City of New York – Judge Margo K. Brodie

*Exhibit 09*: Forced Removal
*Exhibit 10*: January 19th 2020 9-11 Call Transcript (1st)
*Exhibit 11*: January 19th 2020 9-11 Call Transcript (2nd)
*Exhibit 12*: Bank Over-Draft (Fraud Overcharge)
*Exhibit 13*: Department of Consumer Affairs Complaint Form (Filled)
*Exhibit 14*: Department of Consumer Affairs Fraud Charge Complaint Form
*Exhibit 15*: The Local Department of Consumer Affairs Complaint Response

### Notary

I, *Yaya Jallow*, swear and affirm that I have read the foregoing packet and know the contents thereof: that same is true to the best of my own knowledge, except as to the matter here stated to be alleged upon information, and as to these matters I believe them to be true.

Date: 03/10/2021

Yaya Jallow • *The Plaintiff, pro se*
*yjallow96@outlook.com • (718) 200-5369*
#514, 312 Powell Street, Brooklyn, New York 11212

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

## *Exhibit List*

*Exhibit 01*: August 9th 2019 9-11 Sprint Call*
*Exhibit 02*: January 11th – 13th 2020 Night Stay (Confirmation)
*Exhibit 03*: January 11th – 13th 2020 Night Stay (Receipt)
*Exhibit 04*: January 13th – 15th 2020 Night Stay (Confirmation)
*Exhibit 05*: January 16th – 18th 2020 Night Stay (Receipt)*
*Exhibit 06*: January 18th 2020 Check-In (Receipt)
*Exhibit 07*: January 18th 2020 Overcharge (Receipt)
*Exhibit 08*: January 19th 2020 Interview Call*
*Exhibit 09*: Forced Removal
*Exhibit 10*: January 19th 2020 9-11 Call Transcript (1st)*
*Exhibit 11*: January 19th 2020 9-11 Call Transcript (2nd)*
*Exhibit 12*: Bank Over-Draft (Fraud Overcharge)
*Exhibit 13*: Department of Consumer Affairs Complaint Form (Filled)
*Exhibit 14*: Department of Consumer Affairs Fraud Charge Complaint Form
*Exhibit 15*: The Local Department of Consumer Affairs Complaint Response

*: notes

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

*Exhibit 1:* August 9th 2019 9-11 Sprint Call

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

## Event Chronology -- D19080914084 [5 Year Archive]

☑ System Comments  ☐ Associated Events

| Event | Time | Date | Terminal | Operator | Action |
|---|---|---|---|---|---|
| 19080914084 | 13:12:54 | 8/9/2019 | ps2-c030 | 367264 | ANI NUM=114379001, CALLER NAME=AT&T MOBILITY, , COMMENT=: S SECTOR, COMPANY=ATTMO, CLASS=WPH1,LAT=+040.861094,LONG=-073.897498,XY=XY(101260518,25301446) |
| | 13:13:13 | 8/9/2019 | ps2-c030 | 367264 | ANI NUM=114379015, CALLER NAME=AT&T MOBILITY, , COMMENT=: S SECTOR, COMPANY=ATTMO, CLASS=WPH1,LAT=+040.861094,LONG=-073.897498,XY=XY(101260518,25301446) |
| | 13:13:55 | 8/9/2019 | ps2-c030 | 367264 | EVENT CREATED: Location=327 E FORDHAM RD BX , Cross Streets=ELM PL /BAINBRIDGE AVE , Name=AT&T MOBILITY , Address=LL(-73:53:50.9929,40:51:39.9383):     , Call Source=ANI/ALI , Phone Number=               , Zone=Z15 , PCT/Sector=52B , Post=52PP10 |
| | | | | | Route=D, PCT=52, Sector=52B, St=New, P=7, Current=F, Open =T, Type=50P1-DISORDERLY: PERSON/INSIDE, Open/Curent=F |
| | 13:13:55 | 8/9/2019 | loi-search | 367264 | EVENT COMMENT=** LOI search completed at 08/09/19 13:13:55 |
| | | | | | CRICKET WIRELESS |
| | | | | | DISORDERLY MALE ---- NO WPNS ---- NO INJRS ---- |
| | 13:14:14 | 8/9/2019 | ps2-c030 | 367264 | EVENT COMMENT=:MB --- SX4 --- SLIM BUILD --- BLK SHIRT --- JEANS -- BLK SHOES ---- WRNG GLASSES |
| | 13:14:18 | 8/9/2019 | ps2-c030 | 367264 | EVENT COMMENT=20S YO |
| | 13:14:40 | 8/9/2019 | ps2-c030 | 367264 | EVENT COMMENT=FC STS MB TAKING STORE PROPERTY AND DROPING IT ON THE FLR |
| | 13:15:03 | 8/9/2019 | ps2-c030 | 367264 | EVENT COMMENT=MB IS WALKING OUTSIDE --- WAITING IFO LOC --- STS HE IS GOING TO WAIT FOR PD --- |
| | 13:15:24 | 8/9/2019 | ps2-c030 | 367264 | EVENT COMMENT=FC NOW STS POSS MENTAL CONDITION |
| | 13:15:30 | 8/9/2019 | ps2-c030 | 367264 | EVENT UPDATED: Location=327 E FORDHAM RD BX , Cross Streets=ELM PL /BAINBRIDGE AVE , Name=AT&T MOBILITY , Address=LL(-73:53:50.9929,40:51:39.9383):     , Call Source=ANI/ALI , Phone Number=               , Zone=Z15 , PCT/Sector=52B , Post=52PP10 |
| | | | | | Route=D, PCT=52, Sector=52B, St=New, P=3, Current=F, Open =T, Type=54E2-AMBULANCE CASE: EDP/OUTSIDE, Open/Curent=F |
| | | | | | Route=AMB, PCT=BX, Sector=BX, St=New, P=3, Primary Member=0, Current=F, Open =T, Type=54E2-AMBULANCE CASE: EDP/OUTSIDE, Open/Curent=F |
| | | | | | Route=SOD, PCT=0, Sector=ESB4, St=New, P=3, Primary Member=0, Current=F, Open =T, Type=54E2-AMBULANCE CASE: EDP/OUTSIDE, Open/Curent=F |
| | | | | | EVENT COMMENT=** Event Priority changed from 7 to 3 at: 08/09/19 13:15:30 |
| | | | | | ** >>>> by: MICHELLE C. MULLEN on terminal: ps2-c030 |
| | | | | 13:15:30 | ** Event Type changed from 50P1 to 54E2 at: 08/09/19 |
| | | | | | ** >>>> by: MICHELLE C. MULLEN on terminal: ps2-c030 |
| | | | | | ** SOD event S19080914084 created |
| | | | | | ** AMB event A19080914084 created |
| | 13:15:34 | 8/9/2019 | ps2-c030 | 367264 | EVENT UPDATED: Location=327 E FORDHAM RD BX , Cross Streets=ELM PL /BAINBRIDGE AVE , Name=AT&T MOBILITY , Address=LL(-73:53:50.9929,40:51:39.9383):     , Call Source=ANI/ALI , Phone Number=               , Zone=Z15 , PCT/Sector=52B , Post=52PP10 |
| | | | | | EVENT UPDATED: Location=327 E FORDHAM RD BX , Cross Streets=ELM PL /BAINBRIDGE AVE , Name=AT&T MOBILITY , Address=LL(-73:53:50.9929,40:51:39.9383):     Call Source=ANI/ALI , Phone Number=               , Zone=Z15 , PCT/Sector=52B , Post=52PP10 |
| | | | | | EVENT UPDATED: Location=327 E FORDHAM RD BX , Cross Streets=ELM PL /BAINBRIDGE AVE , Name=AT&T MOBILITY , Address=LL(-73:53:50.9929,40:51:39.9383):     BX , Call Source=ANI/ALI , Phone Number=               , Zone=Z15 , PCT/Sector=52B , |

*Exhibit 2:* January 11th – 13th 2020 Night Stay (Confirmation)

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

Confirmation: 107459 (Jallow)

Hide message history

**From:** The Local NYC <info@thelocalny.com>
**Sent:** Saturday, January 11, 2020 10:30 AM
**To:** ya25ij@outlook.com <ya25ij@outlook.com>
**Subject:** Confirmation: 107459 (Jallow)

Dear Ya Ya,

Thank you for choosing to stay at The Local. We are pleased to confirm your reservation details as the following

| | |
|---|---|
| Confirmation # | 107459 |
| Room Type | One Bed in 6 Bed Mixed Dorm |
| Number of Rooms | 1 |
| Check-In Date | 01/11/2020 |
| Check-out Date | 01/13/2020 |
| Total due on Arrival | 56.62 |

Please note the other important information about your reservation

- Check-in is available from 3:00 pm on the day of arrival, check-out is required by 11:00 am on the day of departure.
- Baggage storage is available for guests arriving and departing outside of these hours. Bags may be stored before arrival for free and after arrival for $1/bag during the day and $5/bag/night overnight.
- A valid government issued identification must be presented at check in
- All guests must provide a credit card in their name for incidentals.
- Notification of cancellation is required at least 48 hours prior to your arrival date to avoid a cancellation fee of one night being charge to your credit card. All no-shows will be charged for the entire stay.
- Total due for accommodation must be paid at check-in and is non-refundable once paid
- We do our best to keep individuals travelling together in the same room, but we cannot always guarantee this
- Directions to the hostel are available here
- Please email us at info@thelocalny.com or call at +1 (347) 738-5251 if you have any questions prior to your arrival

We look forward to hosting you in NYC!
Safe travels,
The Local NY
13-02 44th Ave
Long Island City, NY 11101
info@thelocalny.com
+1 (347) 738-5251

***Exhibit 3:*** January 11th – 13th 2020 Night Stay (Receipt)

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

## The Local NYC

Page 1 of 1

13-02 44th Avenue
New York, NY 11101
+1(347)738-5251
info@thelocalny.com

Ya Ya Jallow
107 Harbor St
Lynn, MA 01902
USA

| Room | Folio | CheckIn | CheckOut | Balance |
|------|-------|---------|----------|---------|
| 2164 | 133214 | 01/11/2020 | 01/13/2020 | -58.62 |
| Master Folio | | | | |

| Date | Room | Description / Voucher | Charges | Credits | Balance |
|------|------|----------------------|---------|---------|---------|
| 01/11/2020 | 2164 | Cash | 0.00 | 58.62 | -58.62 |

SV
01/11/2020   10:34 AM

*Thank you for staying with us!*

***Exhibit 4:*** January 13th – 15th 2020 Night Stay (Confirmation)

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

Confirmation: 107560 (Jallow)

Hide message history

**From:** The Local NYC <info@thelocalny.com>
**Sent:** Sunday, January 12, 2020 11:55 PM
**To:** ya251j@outlook.com <ya251j@outlook.com>
**Subject:** Confirmation: 107560 (Jallow)

Dear Ya Ya,

Thank you for choosing to stay at The Local. We are pleased to confirm your reservation details as the following:

| | |
|---|---|
| Confirmation # | 107560 |
| Room Type | One Bed In 6 Bed Mixed Dorm |
| Number of Rooms | 1 |
| Check-In Date | 01/13/2020 |
| Check-out Date | 01/15/2020 |
| Total Due on Arrival | 145.27 |

Please note the other important information about your reservation.

* Check-in is available from 3:00 pm on the day of arrival, check-out is required by 11:00 am on the day of departure.
* Baggage storage is available for guests arriving and departing outside of these hours. Bags may be stored before arrival for free and after arrival for $1/bag during the day and $5/bag/night overnight.
* A valid government issued identification must be presented at check in
* All guests must provide a credit card in their name for incidentals
* Notification of cancellation is required at least 48 hours prior to your arrival date to avoid a cancellation fee of one night being charge to your credit card. All no-shows will be charged for the entire stay.
* Total due for accommodation must be paid at check-in and is non-refundable once paid.
* We do our best to keep individuals travelling together in the same room, but we cannot always guarantee this.
* Directions to the hostel are available here
* Please email us at info@thelocalny.com or call at +1 (347) 738-5251 if you have any questions prior to your arrival

We look forward to hosting you in NYC!

Safe travels,
The Local NY
13-02 44th Ave
Long Island City, NY 11101
info@thelocalny.com
+1 (347) 738-5251

*Exhibit 5:* January 16th – 18th 2020 Night Stay (Receipt)

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

# The Local NYC

13-02 44th Avenue
New York, NY 11101
+1(347)738-5251
info@thelocalny.com

Page 1 of 1

Ya Ya Jallow
107 Harbor St
Lynn, MA 01902
USA

| Room | Folio | CheckIn | CheckOut | Balance |
|------|-------|---------|----------|---------|
| 2144 | 133422 | 01/16/2020 | 01/18/2020 | 0.00 |
| Master Folio | | Rack Rate | | |

| Description / Voucher | Charges | Credits | Balance |
|---|---|---|---|
| Room Taxable | 56.98 | 0.00 | 56.98 |
| Lock Charge ($5) | 5.00 | 0.00 | 61.98 |
| Key Card Charge ($1) | 1.00 | 0.00 | 62.98 |
| Lock Return ($5) | 0.00 | 5.00 | 57.98 |
| Key Card Return ($1) | 0.00 | 1.00 | 56.98 |
| New York City Sales Tax | 2.56 | 0.00 | 59.54 |
| NY State Sales + MCTD Tax | 2.50 | 0.00 | 62.04 |
| NYS Javits Expansion Fund | 3.00 | 0.00 | 65.04 |
| NYC Hotel Occupancy Tax | 3.34 | 0.00 | 68.38 |
| NYC Hotel Occupancy Tax | 4.00 | 0.00 | 72.38 |
| | | | |
| Cash | 0.00 | 72.38 | 0.00 |
| Balance Due | | | 0.00 |

| Summary and Taxes | |
|---|---|
| Taxable Sales | 56.98 |
| New York City Sales Tax · 4.5% | 2.56 |
| NY State Sales + MCTD Tax · 4.375% | 2.50 |
| NYS Javits Expansion Fund · 1.50 | 3.00 |
| NYC Hotel Occupancy Tax · 5.875% | 3.34 |
| NYC Hotel Occupancy Tax · 2.00 | 4.00 |

MJB
01/18/2020   06:25 AM

*Thank you for staying with us!*

***Exhibit 6:*** January 18th 2020 Check-In (Receipt)

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

## The Local NYC

13-02 44th Avenue
New York, NY 11101
+1(347)738-5251
info@thelocalny.com

Page 1 of 1

Ya Ya Jallow
107 Harbor St
Lynn, MA 01902
USA

| Room | Folio | CheckIn | CheckOut | Balance |
|------|-------|---------|----------|---------|
| 2144 | 133511 | 01/18/2020 | 01/19/2020 | -106.26 |
| Master Folio | | | | |

| Description / Voucher | Charges | Credits | Balance |
|-----------------------|---------|---------|---------|
| Cash | 0.00 | 106.26 | -106.26 |

MJB
01/18/2020   08:27 AM

Thank you for staying with us!

***Exhibit 7:*** January 18th 2020 Overcharge (Receipt)

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

# The Local NYC

13-02 44th Avenue
New York, NY 11101
+1(347)738-5251
info@thelocalny.com

Page 1 of 1

Ya Ya Jallow
107 Harbor St
Lynn, MA 01902
USA

| Room | Folio | CheckIn | CheckOut | Balance |
|------|-------|---------|----------|---------|
| 2144 | 133422 | 01/16/2020 | 01/18/2020 | 0.00 |
| Master Folio | | Rack Rate | | |

| Description / Voucher | Charges | Credits | Balance |
|---|---|---|---|
| Room Taxable | 56.98 | 0.00 | 56.98 |
| Lock Charge ($5) | 5.00 | 0.00 | 61.98 |
| Key Card Charge ($1) | 1.00 | 0.00 | 62.98 |
| Lock Return ($5) | 0.00 | 5.00 | 57.98 |
| Key Card Return ($1) | 0.00 | 1.00 | 56.98 |
| New York City Sales Tax | 2.56 | 0.00 | 59.54 |
| NY State Sales + MCTD Tax | 2.50 | 0.00 | 62.04 |
| NYS Javits Expansion Fund | 3.00 | 0.00 | 65.04 |
| NYC Hotel Occupancy Tax | 3.34 | 0.00 | 68.38 |
| NYC Hotel Occupancy Tax | 4.00 | 0.00 | 72.38 |
| | | | |
| Cash | 0.00 | 72.38 | 0.00 |
| Balance Due | | | 0.00 |

| Summary and Taxes | |
|---|---|
| Taxable Sales | 56.98 |
| New York City Sales Tax - 4.5% | 2.56 |
| NY State Sales + MCTD Tax - 4.375% | 2.50 |
| NYS Javits Expansion Fund - 1.50 | 3.00 |
| NYC Hotel Occupancy Tax - 5.875% | 3.34 |
| NYC Hotel Occupancy Tax - 2.00 | 4.00 |

*Thank you for staying with us!*

MJB
01/18/2020   08:28 AM

*Exhibit 8:* January 19th 2020 Interview Call

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie



1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie



1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

*Exhibit 9:* Forced Removal

Printed: 01/18/2020 08:29 AM

## Total Stay / Daily Information
The Local NYC

Page: 1

Folio: 133511
Name: Jallow, Ya Ya

Stay: 01/18/2020 - 01/19/2020

| Posting Date | Room Amt | Room Tax | Daily Amt | Daily Tax | Total Stay | Balance | Type |
|---|---|---|---|---|---|---|---|
| 01/18/2020  Sat | 30.49 | 7.99 | 0.00 | 0.00 | 38.48 | 38.48 | |

Printed: 01/18/2020 08:29 AM

## Total Stay / Daily Information
The Local NYC

Page: 1

Reservation: 107944
Name: Jallow, Ya Ya

Stay: 01/19/2020 - 01/21/2023

| Posting Date | Room Amt | Room Tax | Daily Amt | Daily Tax | Total Stay | Balance | Type |
|---|---|---|---|---|---|---|---|
| 01/19/2020  Sun | 30.49 | 7.99 | 0.00 | 0.00 | 38.48 | 38.48 | |
| 01/20/2020  Mon | 22.49 | 6.81 | 0.00 | 0.00 | 29.30 | 67.78 | Change |

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

*Exhibit 10:* January 19th 2020 9-11 Call Transcript (1st)

1/NetDispatcher -- Event Chronology

Page 1 of 1

# Event Chronology -- D20011921231

☐ System Comments ☐ Associated Events

| Event | Time | Date | Terminal | Operator | Action |
|---|---|---|---|---|---|
| 20011921231 | 18:29:28 | 1/19/2020 | ps2-c046 | 370998 | ANI NUM=122313941, CALLER NAME=SUNLITE AVENUE HOLDINGS LLC, ANI=                    ALI=13-0244 AVELONG_ISLAND_CITY, COMPANY=RCN, CLASS=BUSN |
| | 18:33:18 | 1/19/2020 | ps2-c046 | 370998 | EVENT CREATED: Location=13-02 44 AVE QN : 1FLR , Cross Streets=13 ST /21 ST , Name=SUNLITE AVENUE HOLDINGS LLC , Address=13-02 44 AVE QN , Call Source=ANI/ALI , Phone Number=                    , Zone=Z32 , PCT/Sector=108A |
| | | | | | Route=D, PCT=108, Sector=108A, St=Pending, P=5, Current=F, Open =T, Type=52D1-DISPUTE: INSIDE, Open/Current=F |
| | | | | | EVENT COMMENT=LOC THE LOCAL HOSTILE |
| | | | | | MC RECEPTIONIST AT LOC ------ DISPUTING W MLE --- STS MLE HAD RESERVATIONS & MLE |
| | | | | | FAIL TO CHECK OUT PROPERLY --- STS HE EXPAIN IT TO HIM & MLE BECOMING IRATE W |
| | | | | | HIM & HE DONT WANT THE SITUATION TO ESCOLATE --- NO WPNS NO INRS ---- MB MID 20S |
| | | | | | WRNG BLK SWEATER BLK PANTS --- SMC MADRID CB |
| | 18:33:24 | 1/19/2020 | ps2-c046 | 370998 | EVENT COMMENT=ANI-ALI                 SUNLITE AVENUE HOLDINGS LLC 13-02 44 AVE LONG ISLAND CITY |
| | | | | | COS:BUSN LAT: LON: OPER MORGAN, TASHAWNA G-C-PCPPDVCPS18-140 OPR 2526 |
| | 18:38:35 | 1/19/2020 | ps2-d32 | 369227 | Route=D, PCT=108, Sector=108A, St=Pending, P=5, Current=F, Open =T, Type=52D1-DISPUTE: INSIDE, Open/Current=F |
| | | | | | Route=D, PCT=108, Sector=108A, St=Assigned, P=5, Primary Unit=108RES2-3, Primary Member=0, Current=F, Open =T, Type=52D1-DISPUTE: INSIDE, Open/Current=F |
| | | | | | Unit=108RES2-3, St=DP, Loc=13-02 44 AVE QN: 1FLR |
| | 18:38:36 | 1/19/2020 | ps2-d32 | 369227 | Unit=108RES2-3, St=ER, Loc=13-02 44 AVE QN: 1FLR |
| | 18:53:12 | 1/19/2020 | ps2-d32 | 369227 | Unit=108RES2-3, St=B4, Loc=13-02 44 AVE QN: 1FLR |
| | 19:00:58 | 1/19/2020 | ps2-d32 | 368138 | Route=D, PCT=108, Sector=108A, St=Assigned, P=5, Primary Unit=108RES2-3, Primary Member=0, Current=F, Open =T, Type=52D1-DISPUTE: INSIDE, Open/Current=F |
| | | | | | Route=D, PCT=108, Sector=108A, St=Assigned, P=5, Primary Unit=108RES2-3, Primary Member=0, Current=T, Open =F, Type=52D1-DISPUTE: INSIDE, Open/Current=F |
| | | | | | EVENT CLOSED |
| | | | | | Unit=108RES2-3, St=AV |
| | | | | | Disposition Assigned=91 |

1/28/2020

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

*Exhibit 11:* January 19th 2020 9-11 Call Transcript (2nd)

# Event Chronology -- D20011923132

☐ System Comments ☐ Associated Events

| Event | Time | Date | Terminal | Operator | Action |
|---|---|---|---|---|---|
| 20011923132 | 19:48:26 | 1/19/2020 | ps1-c048 | 370189 | ANI NUM=122316941, CALLER NAME=SUNLITE AVENUE HOLDINGS LLC, ANI=‎ ALI=13-0244 AVELONG_ISLAND_CITY, COMPANY=RCN, CLASS=BUSN |
| | 19:49:52 | 1/19/2020 | ps1-c048 | 370189 | EVENT CREATED: Location=13-02 44 AVE QN , Cross Streets=13 ST /21 ST , Name=SUNLITE AVENUE HOLDINGS LLC , Address=13-02 44 AVE QN , Call Source=ANI/ALI , Phone Number=‎ , Zone=Z32 , PCT/Sector=108A |
| | | | | | Route=D, PCT=108, Sector=108A, St=Pending, P=5, Current=F, Open =T, Type=52D1-DISPUTE: INSIDE, Open/Current=F |
| | | | | | EVENT COMMENT=MALE REF TO LEAVE LOC-----STS HE WAS TOLD TO CALL BACK IF MALE CAME BACK TO |
| | | | | | LOC------STS HE IS AGGRESSIVE-----NO WPNS/NO INJUS |
| | 19:50:23 | 1/19/2020 | ps2-d32 | 368138 | Route=D, PCT=108, Sector=108A, St=Dispatch Assigned, P=5, Current=F, Open =T, Type=52D1-DISPUTE: INSIDE, Open/Current=F |
| | | | | | Unit=108A1-3, St=DA, Comment=Event D20011923132 Dispatch Assigned |
| | 19:50:34 | 1/19/2020 | ps1-c048 | 370189 | EVENT COMMENT=MB WRNG BLK SWEATER/PANTS/HAT------ 20 YO-----5 X 6-----MEDIUM BUILD------DRK |
| | | | | | SKINNED----PERP NAME YAYA JALLOW |
| | 19:50:39 | 1/19/2020 | ps2-d32 | 368138 | EVENT COMMENT=SS LOC ADV –D 2790 |
| | 19:51:00 | 1/19/2020 | ps1-c048 | 370189 | EVENT COMMENT=LOC IS THE LOCAL----STS HE HAS A RESERVATION ----STS HE IS NOT ALLOWED AT LOC |
| | 19:51:15 | 1/19/2020 | ps1-c048 | 370189 | EVENT COMMENT=SMC‎ -CB‎ |
| | 19:51:27 | 1/19/2020 | ps1-c048 | 370189 | EVENT COMMENT=ANI-ALI‎ SUNLITE AVENUE HOLDINGS LLC 13-02 44 AVE LONG ISLAND CITY |
| | | | | | COS:BUSN LAT: LON: OPER MENDOZA, NANCY G-C-MTPPDVCP300-150 OPR 1723 |
| | 20:11:01 | 1/19/2020 | ps2-c021 | 359773 | EVENT COMMENT=ANOTHER CALL -- FC STS SAME – |
| | 20:11:16 | 1/19/2020 | ps2-c021 | 359773 | EVENT COMMENT=FC STS GUEST WAS AGGRESSIVE --- FC STS MLE LEFT |
| | 20:11:19 | 1/19/2020 | ps2-c021 | 359773 | EVENT COMMENT=-- |
| | 20:11:26 | 1/19/2020 | ps2-c021 | 359773 | EVENT COMMENT=STS HAS BEEN WAITING 10 MINS --- |
| | 20:11:29 | 1/19/2020 | ps2-c021 | 359773 | EVENT COMMENT=ANI-ALI‎ SUNLITE AVENUE HOLDINGS LLC 13-02 44 AVE LONG ISLAND CITY |
| | | | | | COS:BUSN LAT: LON: OPER RIDLEY, TAMEKA S-C-PCPPDVCP518-113 OPR 1346 |
| | 20:11:38 | 1/19/2020 | ps2-c021 | 359773 | EVENT COMMENT=STS WANTS TO CXL - ADV NO CXL -- |
| | 20:15:08 | 1/19/2020 | ps1-c039 | 269815 | ANI NUM=122317882, CALLER NAME=SUNLITE AVENUE HOLDINGS LLC, ANI=‎ ALI=13-0244 |

1/28/2020

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

I/NetDispatcher -- Event Chronology                                    Page 2 of 2

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  | AVELONG_ISLAND_CITY, COMPANY=RCN, CLASS=BUSN |
| 20:15:35 | 1/19/2020 | ps1-c039 | 369815 | EVENT COMMENT=Start of Nearby Duplicate Event data |
|  |  |  |  | ANOTHER CALL----- |
| 20:15:36 | 1/19/2020 | ps1-c039 | 369815 | EVENT COMMENT=End of Nearby Duplicate Event data |
| 20:15:41 | 1/19/2020 | ps1-c039 | 369815 | EVENT COMMENT=GUEST AGRESSIVE REF TO LEAVE |
| 20:15:48 | 1/19/2020 | ps1-c039 | 369815 | EVENT COMMENT=---PERP IS BACK--- |
| 20:16:00 | 1/19/2020 | ps1-c039 | 369815 | EVENT COMMENT=LOC: LOC IS HOSTEL( SHELTER} |
| 20:16:03 | 1/19/2020 | ps1-c039 | 369815 | EVENT COMMENT=NO WPNS NO INJ |
| 20:16:34 | 1/19/2020 | ps1-c039 | 369815 | EVENT COMMENT=PERP HEADING UPSTAIRS |
| 20:16:54 | 1/19/2020 | ps1-c039 | 369815 | EVENT COMMENT=MB---- DARK SKIN---- WRNG ALL BLK---PANTS SWEATER HOODIE---- IN MID 20S------ |
| 20:17:12 | 1/19/2020 | ps1-c039 | 369815 | EVENT COMMENT=--- SFC         CB |
| 20:17:19 | 1/19/2020 | ps1-c039 | 369815 | EVENT COMMENT=-- |
| 20:17:21 | 1/19/2020 | ps1-c039 | 369815 | EVENT COMMENT=ANI-ALI-         SUNLITE AVENUE HOLDINGS LLC 13-02 41 AVE LONG ISLAND CITY |
|  |  |  |  | COS:BUSN LAT: LON: OPER CASTRO, DAYSI Y-C-MTPPDVCP300-137 |
| 20:32:43 | 1/19/2020 | ps2-d32 | 362085 | Route=D, PCT=108, Sector=108A, St=Dispatch Assigned, P=5, Current=F, Open =T, Type=52D1-DISPUTE: INSIDE, Open/Current=F |
|  |  |  |  | Route=D, PCT=108, Sector=108A, St=Assigned, P=5, Primary Unit=108A1-3, Primary Member=0, Current=F, Open =T, Type=52D1-DISPUTE: INSIDE, Open/Current=F |
|  |  |  |  | Unit=108A1-3, St=DP, Loc=13-02 44 AVE QN |
| 20:32:45 | 1/19/2020 | ps2-d32 | 362085 | Unit=108A1-3, St=84, Loc=13-02 44 AVE QN |
| 20:52:26 | 1/19/2020 | ps2-d32 | 362085 | Route=D, PCT=108, Sector=108A, St=Assigned, P=5, Primary Unit=108A1-3, Primary Member=0, Current=F, Open =T, Type=52D1-DISPUTE: INSIDE, Open/Current=F |
|  |  |  |  | Route=D, PCT=108, Sector=108A, St=Assigned, P=5, Primary Unit=108A1-3, Primary Member=0, Current=T, Open =F, Type=52D1-DISPUTE: INSIDE, Open/Current=F |
|  |  |  |  | EVENT CLOSED |
|  |  |  |  | Unit=108A1-3, St=AV |
|  |  |  |  | Disposition Assigned=91 |

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

*Exhibit 12:* Bank Over-Draft (Fraud Overcharge)

**ally** | Accounts ⌄ | Open an Account | ⑦ Ya'Ya | Log Out

Transfers   Payments ⌄   Deposits   Statements and Tax Forms   Stop Payments   Overdraft Transfer Service   Checks and Debit Cards   Deposit Slips

📞 1-877-247-2559 • We're here 24/7 • Wait Time: 1 min   △ Notifications ⌄   ☑ Email ⌄   ⌄

## Interest Checking  Edit Nickname
Account Number: 10   Hide

| AVAILABLE BALANCE | CURRENT BALANCE | INTEREST YTD | ANNUAL PERCENTAGE YIELD |
| --- | --- | --- | --- |
| -$4.77 | -$4.77 | $0.01 | 0.10% |

▶ Account Details

## Transaction History  Upcoming Transactions

| Date | Description | Amount | Balance |
| --- | --- | --- | --- |
| Jan 21, 2020 | THE LOCAL NYC LONG ISLAND C, NY, US | -$5.00 | -$4.77 |
| | Amount: -$5.00 | | |
| | Posting Date: Jan 21, 2020 | | |
| | Posting Time: 10:54 PM | | |
| | Type: Withdrawal | | |
| | Dispute Status: Ready for review | | |

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

*Exhibit 13:* Department of Consumer Affairs Complaint Form (Filled)

SR Submitted # 311-01649677

SRNotice <SRNotice@customercare.nyc.gov>

Sun 1/19/2020 6:57 PM

Yaya Jallow ✓

**NYC 311**

## Service Request Submitted

Hello Yaya Jallow,

Thank you for contacting NYC311. Your Service Request has been sent to Department of Consumer Affairs, DCA.

Your request details are:

Service Request Number 311-01649677

Type:                    Consumer Complaint - Hotel
Location:                44-04 21 STREET, QUEENS (LONG ISLAND CITY), NY, 11101 - QUEENS
Date Submitted :         1/19/2020 6:57:20 PM

To get further updates delivered you'll need to subscribe. You can also check status anytime here.

Did you know that 311 now offers accounts? An account will save you time when filing service requests and allow you to track updates in one convenient location. Click here to sign up.

Thank you,
NYC311

**Need Help ?**
*Please do not reply to this email. It was sent from an account that can't receive email. If you have a question or need to report a problem, we're here 24/7, 365 days a year. Connect with us using the icons below.*

**NYC 311**

    📞    🌐    🕊    📋    💬    🔻    **About us**    **Privacy Policy**

This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.

counselors can help. Book an appointment today. Call 311, visit nyc.gov/dca, or text* TalkMoney to 42033. *Message and data rates may apply. Check with your service provider.



*756-2020-CMPL*

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie



Consumer
Affairs

Loretel Salas
Commissioner

42 Broadway
New York, NY 10004

Dial 311
(212-NEW-YORK)

nyc.gov/dca

February 14, 2020

Yaya Jallow
107 HARBOR ST
LYNN, MA 01902-4447

Re:    Your Complaint against THE LOCAL NYC
       Case Number: 756-2020-CMPL

Dear Consumer:

Despite our best efforts, no satisfactory resolution between you and THE LOCAL
NYC could be reached.

If you so choose, you can sue in Small Claims Court if you are seeking up to
$5,000; Civil Court if you are seeking up to $25,000; or Supreme Court if you are
seeking more than $25,000. We have enclosed a Small Claims Court guide which
you may find helpful. You can go to the following websites for more information:

- New York State Unified Court System:
  http://www.courts.state.ny.us/courts/nyc/civil/index.shtml
- LawHelp.org:
  http://lawhelp.org/

If DCA has a consumer guide which may be helpful, it is enclosed.

Thank you for bringing this matter to our attention.


Sincerely,

Amir Brown
Consumer Services Division


Do you want to take control of your finances? We can help.
NYC Financial Empowerment Centers offer free one-on-one financial counseling
and coaching to help you manage your budget and plan for the future. Whether
you want to save for a home, plan for an emergency, or reduce debt, our financial
counselors can help. Book an appointment today. Call 311, visit nyc.gov/dca, or
text* TalkMoney to 42033. *Message and data rates may apply. Check with your
service provider.



*756-2020-CMPL*

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

*Exhibit 14:* Department of Consumer Affairs Fraud Charge Complaint Form



Consumer
Affairs

# FILE YOUR COMPLAINT

Thank you for contacting the New York City Department of Consumer Affairs (DCA). Please complete this form.
Clearly print or type your answers to each question. If a question does not apply to you, please mark N/A or Not Applicable.
You must provide information marked with a star (*).

Mail TWO copies of this completed form and related documents (e.g., store receipts, warranties, contracts, etc.) to DCA.
**Do not send originals.**

NYC Department of Consumer Affairs
Consumer Services Division
42 Broadway, 9th Floor
New York, NY 10004

## Did You Contact the Business?

DCA advises you to contact the business directly in an initial attempt to resolve your complaint. When contacting the business, please
keep a log of all telephone calls and copies of letters that you send. If your attempts to resolve the issue yourself are unsuccessful, then
we advise you to file your complaint with DCA.

Did you attempt to resolve your complaint with the business?          ☐ Yes  ☐ No
If No, please explain why not.

## What Do You Want DCA to Do?

*Check ONE box only.*

☐ I want help with my complaint. See back
for requested action.

If you request help, we will contact you. DCA receives a very high
volume of complaints, so please be patient.

If you have not heard from us after 45 days, please call
311 and ask to be transferred to DCA to check the
status of your complaint. Have your docket number
handy. See the enclosed "What happens to your
complaint?" sheet for more information.

☑ I do *not* want help with my complaint. However, I want
this business investigated for unfair business practices.

If you do not request help, we will not contact you, but will use the
information you provide to investigate the reported business
practices.

## Is Your Complaint against a Home Improvement Contractor?

If your complaint is against a home improvement contractor, please answer the questions below. To file a complaint with DCA, the home
must be located in New York City. We cannot help with complaints about new home construction.

1. Was work done on a:
    ☐  Single or two-family house
    ☐  Residential building owned by you as an
        individual having four units or less
    ☐  Co-op or condo owned by you
2. Is the contractor presently working in your home?
    ☐  Yes    ☐  No
3. Have you had to move out of your home due to the
   work done by the contractor?
    ☐  Yes    ☐  No

4. Did the contractor offer you a loan or arrange a loan for
   you?
    ☐  Yes    ☐  No
5. Does the contractor have a lien against your home?
    ☐  Yes    ☐  No
6. Do you have a written contract?
    ☐  Yes    ☐  No
7. Is the job location different than your home address?
    ☐  Yes    ☐  No
8. Did the contractor provide a written warranty to you?
    ☐  Yes    ☐  No



1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

Reason for your complaint   Surcharge/Overcharge - S02

*Product/Service involved _____   *Date of transaction   01/27/2020

Was this an Internet order or purchase?   ☐ Yes   ☐ No

*Do you have a written contract?   ☐ Yes   ☐ No   *Cost of product/service _____   *Amount paid to date _____

How did you pay?   ☐ Cash   ☐ Check   ☐ Credit Card

If you paid by credit card, have you contacted your credit card company?   ☐ Yes   ☐ No

*Is this matter pending in court?   ☐ Yes   ☐ No
What action are you seeking from DCA to resolve this complaint? *Check ONE box only.*

☐ Repair of product/service ☐ Exchange ☐ Completion of contract terms ☐ Refund ☐ Cancellation of contract
**Note**: If you checked one of the boxes above, you must check the box "I want help with my complaint" on front.
**Briefly describe your complaint. Use additional pages as needed.**

I was over-charged 5$ for a 1$ fine and I shouldn't have been charged at all and when I brought it up they retaliated by ~~attempting to kick me out~~ call the police on me to remove a black ~~customer~~ customer

## Provide Your Information

| *Name (First and Last): | Yaya Jallow |
| *Home Address (Include Apartment #): | ---- |
| *City, State, ZIP | LONG ISLAND CITY, NY 11101 | *Country | US |
| *Contact number | 7182005369 |

Are you currently serving on active duty in the U.S. Armed Forces?   ☐ Yes   ☐ No

Are you a veteran of the U.S. Armed Forces?   ☐ Yes   ☐ No

Would you like to receive electronic communications from DCA?   ☐ Yes   ☐ No

If Yes, provide E-mail   yjallow96@outlook.com

*Print Name   YAYA JALLOW   *Signature _____   *Date 1/25/20

## Provide Information about the Business

| *Business Name | LIC HOTEL INC |
| *Address | 44-04 21 STREET | *Daytime Phone |
| *City, State, ZIP | LONG ISLAND CITY, NY 11101 | *BusinessFax |
| *Type of Business | Hotel/Motel - 460 | (For home improvement contractor complaints, answer the questions on front.) |
| *E-mail | | *License # |

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

***Exhibit 15:*** The Local Department of Consumer Affairs Complaint Response

 **Consumer Affairs**

Lorelei Salas
Commissioner

Dial 311
(212-NEW-YORK)

nyc.gov/dca

January 23, 2020

THE LOCAL NYC
1302 44TH AVE
LONG ISLAND CITY, NY 11101-6920

Re: Case Number: 756-2020-CMPL
License Number:

## A CONSUMER COMPLAINT HAS BEEN FILED AGAINST YOUR BUSINESS
PLEASE RESPOND WITHIN 10 DAYS

The Department of Consumer Affairs (DCA) received a consumer complaint against your business. A copy of the complaint is enclosed for your review. Please complete this form and return it within 10 days of receipt to DCA. Attach additional pages if needed. **Send us your response in ONE of the following ways:**
- Mail using the enclosed self-addressed envelope OR
- Fax to +1 212 487 4482/646-500-5914 OR
- Email to businessresponse@dca.nyc.gov

We would like to find a fair resolution to this matter for both you and the consumer. Thank you for your prompt attention to this matter. If you have questions about this form, you can call us at +1 212 487-4110.

***PLEASE NOTE***

An unanswered complaint will remain part of your permanent DCA record and may result in further enforcement action.

If you are licensed by DCA:
   Failure to respond to this complaint within 20 days is a violation of Title 6 of the Rules of the City of New York ("RCNY") § 1-13. DCA may fine you and/or suspend or revoke your license.

   Failure to pay a judgment obtained by a consumer against you related to your work as a licensee within 30 days may put your license in jeopardy and subject you to a fine of up to $500.

## Business Response

Guest Ya Ya Jallow was charged $5.00 in accordance to our policy that items borrowed by the guest must be returned upon check out. Mr. Jallow checked in to the hotel at 6:27 am on January 18, 2020. Upon check in, he borrowed a pad lock which was provided free of charge. He was told however that if he failed to return the borrowed lock that he would be subject to a $5.00 charge to the credit card on file for incidentals. The following day he was scheduled to check out by 11:00 am, the morning of January 19, 2020. Mr. Jallow failed to come to the desk prior to 11:00 am. It was then determined that he left the building without coming to the front desk to check out. In accordance to our policy he was charged for the padlock that he presumably took with him. The credit card that was provided for incidentals was charged at 12:40 pm. It is important to note here that this was not the first time that Mr. Jallow has stayed at this hotel. He had three seperate reservations prior to January 18th, in which he received a padlock as

CONTINUED ON NEXT PAGE —>

1



*756-2020-CMPL*

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

**Business Contact Information**

Name : Matthew Roth

Title: General Manager

Date Responding:   01  / 28  / 2020

*(Owner, President, Comptroller, Partner, etc.)*

Business Phone: 347-738-5251      Fax:        Email: matt@thelocalny.com

CONTINUED FROM PREVIOUS PAGE:

well and told the same policy. Each of those occasions he returned the padlock, and was not charged. Therefore it can be assumed that he was well aware of the policy and that he might be charged. Later that day, Mr. Jallow returned to the hotel and inquired about the $5.00 charge. He approached a staff member named Miguel and demanded to know why his card was charged $5.00. Miguel explained that he was charged because did not return the padlock that he had been loaned. At this point Mr. Jallow became extremely agitated and began making threats against Miguel. He shouted ethnic slurs and vulgar language in the lobby directed at the staff. Mr. Jallow refused to stop shouting and using vulgar language even after being asked politely to do so. When he started making physical threats, Miguel politely asked him to leave the building. Mr. Jallow refused. At this point it was clear that his presence created a safety hazard for the staff and guests, and the decision was made that police assistance was needed.

The police arrived a short time later and they escorted Mr. Jallow out of the building. It is unknown if he was arrested, but the police did forcibly remove him. It is quite clear that the Mr. Jallow is filing a complaint in retaliation. This guest is banned from the hotel and not allowed to return, and we were well within our right to ensure the safety and security of the building and it's occupants. The $5.00 charge is valid and won't be reversed. Please feel free to reach out to me if you have any further questions about this incident. I am available to discuss this in more detail at any time. I can be reached at 347-738-5251 or via email at Matt@thelocalny.com. Thank you for taking the time to read our response.





*756-2020-CMPL*

1:20-cv-04088 – Yaya Jallow v. The Local MGMT LLC, City of New York – Judge Margo K. Brodie

## *Notes*

- *Exhibit 1*
  - Deliberate false call
  - Seems to be a coded message to and/or for dispatch, at Bronx Cricket Wireless Store
  - States The Plaintiff is 205 YO (years old) and has wrong glasses as if The Caller or Dispatch knew The Plaintiff well enough to know his glasses.
    - The Plaintiff had obtained new glasses during his 2018 vacation in Seattle, Washington
  - Harassment by Staff & Officers who at the same time would attempt to portray The Plaintiff as in the wrong

- *Exhibit 5*
  - The Plaintiff was charged for the missing "lock" (5$), the fraudulent charge The Staff would attempt to levy against The Plaintiff.

- *Exhibit 8*
  - The Local phone number on The Plaintiff's call log

- *Exhibit 10*
  - Deliberately false entered in info & statements pertaining towards what was actually occurring.
  - Once again would attempt to infer The Plaintiff was wearing the wrong clothes, as if The Defendant's personnel knew The Plaintiff

- *Exhibit 11*
  - Making false statements & attempting to stereotype The Plaintiff as a prep &/or criminal

*Exhibit Packet for Case No. 1:20-CV-04088*
  *Yaya Jallow v.*
   *The Local MGMT, LLC,*
   *The City of New York*
  *in The Eastern District of New York For The*
   *United States District Courts before Judge*
   *Margo K. Brodie*

*Prepared & Filled By The Plaintiff, Yaya Jallow, on this date of*
  *March 10th 2020*

  */s/Yaya Jallow*
  Yaya Jallow • The Plaintiff, pro se
   yjallow96@outlook.com • (718) 200-5369
   #514, 312 Powell Street, Brownsville, New York, 11212



ed states District Court

man Plaza N,

, New York, 11201

YAYA JALLOW
#514, 312 Powell Street
Brooklyn, New York 11212

EDNY unt
225 Cad
Brookly